UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEVEN SILEO,

      Plaintiff,

  v.

JOHN A. SCHUCK, C.O., et al.,

      Defendants.

DECISION & ORDER

08-CV-6424L

---

    Plaintiff Steven Sileo ("Sileo") has filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by subjecting him to excessive force on September 23, 2005 at Attica Correctional Facility. (Docket # 1). Currently pending before this Court are two motions to compel by Sileo. (Docket ## 17, 23).

    This Court's scheduling order, dated May 5, 2009, directed defendants to provide plaintiff with certain initial disclosures by June 22, 2009. (Docket # 10). Pursuant to that order, defendants disclosed nearly 400 pages of documents on that date. (Docket # 14). On August 14, 2009, Sileo filed his first motion seeking an order from this Court compelling defendants to produce, in accordance with the Court's instructions in the scheduling order, a videotape of plaintiff being escorted to the Special Housing Unit following the incident on September 23, 2005, as well as the transcripts of plaintiff's disciplinary hearings held on October 6, 2005 and July 7, 2006.[1] (Docket # 17). Despite this Court's issuance of a motion scheduling order, defendants never responded to Sileo's motion. (Docket # 19).

---

[1] This Court's scheduling order directed defendants to provide plaintiff videotapes and transcripts of any disciplinary hearings as part of their initial disclosures. (Docket # 10 at ¶ 3).

On August 14, 2009, Sileo also filed a request for production of documents that he had served upon defendants on July 15, 2009. (Docket # 18). That request sought several categories of documents and renewed Sileo's demands for the videotape and hearing transcripts. (*Id*. at ¶¶ A-C). After requesting the documents from defense counsel several more times without response, Sileo filed the second motion to compel on September 23, 2009. (Docket # 23 at ¶¶ 5, 7). On November 2, 2009, defendants responded to some of Sileo's requests for production and objected to others. (Docket # 27). Defendants now contend that the November 2, 2009 production mooted Sileo's second motion to compel. (Docket # 28).

For the reasons discussed below, Sileo's motions to compel are granted in part and denied in part.

I. **Videotape and Hearing Transcripts**: **Requests A-C**

I turn first to Sileo's request for transcripts of the disciplinary hearings held on October 6, 2005 and July 7, 2006. Defendants have represented that they have provided Sileo with a copy of the audio cassette of the October 6, 2005 hearing, but that no written transcript of that hearing was created. (Docket # 27 at 1). Further, defendants have provided Sileo with both a copy of the audio cassette and the written transcript of the July 7, 2006 hearing. (*Id*. at 2). Accepting defense counsel's representation that no transcript of the October 6, 2005 hearing exists, I find that defendants have satisfied their discovery obligations as to the hearing transcripts and deny as moot Sileo's motions to compel production of those items.

With respect to the videotape depicting Sileo being escorted to the Special Housing Unit on September 23, 2005, defendants have represented that no such videotape exists.

(Docket # 27 at 2). In his reply, however, Sileo has provided documents showing that an official with the New York State Department of Correctional Services ("DOCS") reportedly reviewed a videotape in the course of investigating a grievance filed by Sileo concerning the alleged assault on September 23, 2005. (Docket # 33 at ¶ 19; Ex. A). Defendants' response does not indicate whether a videotape once existed that has since been destroyed. A videotape of the plaintiff taken the day of the assault at issue in his complaint is clearly relevant to his case; therefore, if it does exist, defendants must provide it to Sileo by no later than **March 12, 2010**. Moreover, to clarify the confusion over the status of the videotape, defendants shall file an affidavit by no later than **March 12, 2010**, explaining (1) whether the requested videotape ever existed and, if so, the circumstances of its destruction and (2) if it did not exist, what videotape the DOCS official allegedly reviewed in the course of his grievance investigation.

## II. Log Book Entries: Requests F-H

Sileo seeks "log-book entries" from Attica's "Time-square," A-Block and B-Block, made between 7:00 a.m. and 3:00 p.m. on September 23, 2005 – the date of his alleged assault. (Docket # 18 at ¶¶ F-H). Defendants have not produced the requested log book entries, objecting that the requests are overbroad, irrelevant and intended to harass and annoy. (Docket # 27 at 3-4). Sileo argues that defendants' objections were not timely made and thus are waived. (Docket # 33 at 4). He further contends that the log book entries are relevant because they could contain names of witnesses to the incident and other facts regarding the assault. (*Id*. at ¶ 23).

Sileo is corrected that failure to raise timely objections generally results in a waiver of those objections. *E.g.*, *Land Ocean Logistics, Inc. v. Agua Gulf Corp.*, 181 F.R.D. 229,

3

236 (W.D.N.Y. 1998) (collecting cases); *Williams v. Nat'l Hous. Exch. Inc.*, 165 F.R.D. 405, 409 (S.D.N.Y. 1996). In any event, log book entries referencing the alleged use of force are clearly relevant. In addition, those entries may enable Sileo to identify witnesses present during the time frame of his alleged assault and thus lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) ("[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence"). Further, Sileo's request is sufficiently limited in time and scope to save it from overbreadth. Accordingly, Sileo's motion to compel the log book entries is granted. Defendant shall provide the requested materials by no later than **March 12, 2010**.

### III. Prior Reports: Requests J-L

Sileo additionally seeks production of the following documents from each defendant's personnel file: "all prior reports of abuse of authority, employee misconduct, and excessive force complaints . . . from the date of employment to the present date; including but not limited to, any and all psychological evaluations, progress reports, inmate grievance complaints, as well as any required participation of anger, occupational, or stress management, and or any recommendations of reprimand issued by a supervisor." (Docket # 18 at ¶¶ J-L). Sileo has further requested all personnel records evidencing any discipline imposed on defendant Schuck in connection with events on September 23, 2005. (*Id*. at ¶ J). Finally, Sileo also seeks records related to a June 30, 1997 incident at Attica Correctional Facility involving another inmate and "Defendant Michael Dylag, and [h]is [b]iological [b]rother D. Dylag," that was

4

evidently the subject of a separate lawsuit.[2] (*Id*. at ¶ L). Defendants have objected to the requests on the grounds that they are overbroad and intended to harass and annoy. (Docket # 27 at 5-7).

Although the scope of discovery under the Federal Rules is broad, it is not without limitation. "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also* Fed. R. Civ. P. 26(b)(2)(C). Even when the material in question is discoverable under the rules, "the Court still has considerable discretion to evaluate the practical realities of discovery, balancing the importance of the information against the burdens of production to decide whether fairness does or does not require production, and if so, on what terms." *Jones v. Goord*, 2002 WL 1007614, *6 (S.D.N.Y. 2002).

### A. Prior Reports of Excessive Force

I turn first to Sileo's request for "all prior reports of . . . excessive force complaints." Because Sileo's complaint contains allegations of excessive force, I find that prior complaints of excessive use of force by the individual defendants are relevant to Sileo's claims. The time period covered by plaintiff's request (defendants' dates of hire to the present) is too broad, however. The event giving rise to Sileo's complaint took place on September 23, 2005. Therefore, defendants' production is more appropriately limited to the time period January 1, 2002 through December 31, 2005. Accordingly, by no later than **March 12, 2010**, defendants

---

[2] Sileo has submitted a Second Circuit decision, *Snider v. Dylag*, which held that the district court had erred by dismissing the plaintiff's claim alleging that defendant D. Dylag had failed to protect the plaintiff from an assault from other inmates. 188 F.3d 51, 54-55 (2d Cir. 1999). Defendant Michael Dylag was not a defendant in that case, although the plaintiff's complaint apparently alleged that he had slapped the plaintiff and had flooded his cell. *Id*. at 52.

5

shall provide all documents referencing any complaints or reports of excessive force by each defendant during the period January 1, 2002 through December 31, 2005.

### B. Requests Specific to Defendants Schuck and Dylag

I turn next to Sileo's request for documents concerning defendant Schuck's involvement in the September 23, 2005 incident. A review of defendants' initial disclosures reveals that Sileo has already been provided with use of force reports, photographs, disciplinary hearing records and investigative reports from the Inspector General's office regarding the incident. (Docket # 14 at 1-2; Exs. A-F, H, I, M). Defendants have not indicated, however, whether all documents related to the incident regarding defendant Schuck have been produced. I find that any such documents, if they exist and have not previously been provided, are relevant to Sileo's claims. Accordingly, defense counsel is directed to produce any responsive documents by **March 12, 2010**, or to affirm in writing by no later than that date that all responsive documents have previously been produced.

I reach a different conclusion, however, regarding Sileo's requests for documents relating to the June 30, 1997 incident allegedly involving defendant Dylag's brother. On the record before me, I find that Sileo has made an insufficient showing that documents relating to an alleged incident that occurred over eight years before the incident at issue here are relevant to his claims in the instant lawsuit. Accordingly, Sileo's request is denied on that basis.

### C. Remaining Requests for Prior Reports

Finally, the balance of Sileo's document requests as to all defendants are too attenuated from his claims to be discoverable, such as Sileo's requests for records of defendants' psychological evaluations and attendance at any anger, occupational, or stress management

courses. Any connection between the issues raised in this litigation and unspecified mental health, stress or anger management issues of any of the defendants is speculative at best. Sileo's requests for all of defendants' progress reports, grievance complaints by inmates or reprimands from supervisors are similarly too vague, overbroad and lacking in apparent relevance to be upheld. Accordingly, Sileo's motion to compel production of such records is denied.

## IV.  Requests D, E, I, M, S and T

I now address Requests D, E, I, M, S and T, to which defendants objected. Plaintiff's reply does not pursue defendants' production of documents in response to the above-referenced requests or seek to refute defendants' objections. (Docket # 33). Upon review, the Court finds that defendants have sufficiently answered Requests D and E, which sought "any and all information" regarding the corrections officers who were involved in the incident and handcuffed Sileo – requests that are plainly overbroad. (Docket # 27 at 2-3).

In Request I, Sileo sought the name of the corrections officer for whom defendant Schuck was covering during the incident. (Docket # 18 at ¶ I). Defendants objected to that request as irrelevant (Docket # 27 at 4), and I agree. Sileo has not shown how this information will lead to the discovery of admissible evidence.

Request M sought a transcript of testimony by defendant Schuck during a trial in the New York States Court of Claims. Defendants objected on the grounds that they do not have custody or control of the transcript and that Sileo can obtain it on his own. (*Id*. at 7). Accepting the veracity of counsel's representation that neither Schuck nor the other defendants have a copy of the requested testimony, this Court has no basis upon which to compel its production.

Finally, Request S sought a DOCS Directive regarding gate security and Request T sought DOCS's employee handbook. (Docket # 18 at ¶¶ S, T). Defendant objected to the production of the Directive regarding gate security as improperly seeking confidential security information, but has provided a redacted copy of the employee handbook. (Docket # 27 at 8-9). As stated above, Sileo's reply neither addresses defendants' objections to these requests, nor offers a reason why either the gate security information or an unredacted copy of the employee handbook is relevant to his claims. Accordingly, Sileo's motion to compel responses to Requests D, E, I, M, S and T is denied.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motions to compel **(Docket ## 17, 23)** are **GRANTED in PART** and **DENIED in PART**.

**IT IS SO ORDERED.**

<u>*s/Marian W. Payson*</u>
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
February   26  , 2010